[Cite as *State v. Hoxworth*, 2014-Ohio-5453.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 14 CA 006 |
| RICHARD HOXWORTH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Municipal Court, Case No. 09 CRB 262


JUDGMENT: Reversed


DATE OF JUDGMENT ENTRY: December 11, 2014


APPEARANCES:

For Plaintiff-Appellee

CHRISTINE C. WILLIAMS
ASSISTANT PROSECUTOR
164 East Jackson Street
Millersburg, Ohio 44654

For Defendant-Appellant

JEFFREY G. KELLOGG
5 South Washington Street
Millersburg, Ohio 44654

*Wise, P. J.*

{¶1}   Appellant Richard Hoxworth appeals the September 9, 2014, Judgment Entry of the Holmes County Municipal Court denying his motion to dismiss the motion to revoke probation.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   The undisputed facts are as follows:

{¶3}   On July 14, 2009, Appellant Richard Hoxworth entered a no contest plea to one count of aggravated menacing, a first degree misdemeanor. Appellant was sentenced to 180 days in jail, with credit for time served. The balance of the jail term was suspended, and Appellant was placed on probation for two (2) years.

{¶4}   On January 12, 2010, a motion to revoke Appellant's probation was filed alleging that Appellant had failed to report as directed.

{¶5}   On January 19, 2010, the probation violation was dismissed.

{¶6}   On December 2, 2010, a new motion to revoke probation was filed alleging that Appellant admitted to using illegal drugs and tested positive for same.

{¶7}   On December 7, 2010, Appellant admitted to the probation violation. Appellant's probation was continued with an order to complete drug counseling. Appellant's new term of probation was for a period of three (3) years beginning December 7, 2010.

{¶8}   On November 14, 2012, a motion to revoke probation was filed alleging that Appellant had failed to report as directed.

{¶9} On December 18, 2012, Appellant admitted to the probation violation. Appellant was again placed on probation for a three (3) year period beginning December 18, 2012.

{¶10} On August 6, 2014, another motion to revoke probation was filed alleging Appellant failed to report as ordered and had failed to pay his probation fees.

{¶11} On August 12, 2014, a probable cause hearing was held. At said hearing Appellant's probation officer testified. During his testimony, he admitted that Appellant was originally placed on probation on July 14, 2009, and that the instant motion to revoke filed August 6, 2014, was filed more than five (5) years from the date Appellant was originally placed on probation.

{¶12} On August 25, 2014, Appellant filed a motion to dismiss the motion to revoke.

{¶13} On August 26, 2014, an adjudicatory hearing was held in this matter. At the conclusion of the hearing, the trial court denied Appellant's motion to dismiss. Appellant then entered an admission to the probation violation. Appellant was ordered to serve 180 days in jail with credit for time served. The balance was suspended, and Appellant was placed on probation for an additional year.

{¶14} On September 9, 2014, a Judgment Entry was filed denying Appellant's motion to dismiss the motion to revoke probation.

{¶15} It is from this judgment entry that Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶16}** "I. THE TRIAL COURT ERRED AND THE DEFENDANT/APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DENIED HIS MOTION TO DISMISS THE MOTION TO REVOKE PROBATION."

I.

**{¶17}** In Appellant's sole Assignment of Error he argues that the trial court erred in denying his motion to dismiss the motion to revoke probation.  We agree.

**{¶18}**  R.C. §2929.25 Misdemeanor community control sanctions, provides:

(A)(1) Except as provided in sections 2929.22 and 2929.23 of the Revised Code or when a jail term is required by law, in sentencing an offender for a misdemeanor, other than a minor misdemeanor, the sentencing court may do either of the following:

(a) Directly impose a sentence that consists of one or more community control sanctions authorized by section 2929.26, 2929.27, or 2929.28 of the Revised Code. The court may impose any other conditions of release under a community control sanction that the court considers appropriate. If the court imposes a jail term upon the offender, the court may impose any community control sanction or combination of community control sanctions in addition to the jail term.

(b) Impose a jail term under section 2929.24 of the Revised Code from the range of jail terms authorized under that section for the offense, suspend all or a portion of the jail term imposed, and place the offender under a community control sanction or combination of community control

sanctions authorized under section 2929.26, 2929.27, or 2929.28 of the Revised Code.

(2) The duration of all community control sanctions imposed upon an offender and in effect for an offender at any time shall not exceed five years.

(3) At sentencing, if a court directly imposes a community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) or (B) of this section, the court shall state the duration of the community control sanctions imposed and shall notify the offender that if any of the conditions of the community control sanctions are violated the court may do any of the following:

(a) Impose a longer time under the same community control sanction if the total time under all of the offender's community control sanctions does not exceed the five-year limit specified in division (A)(2) of this section;

(b) Impose a more restrictive community control sanction under section 2929.26, 2929.27, or 2929.28 of the Revised Code, but the court is not required to impose any particular sanction or sanctions;

(c) Impose a definite jail term from the range of jail terms authorized for the offense under section 2929.24 of the Revised Code.

**{¶19}** R.C. §2951.07 provides:

A community control sanction continues for the period that the judge or magistrate determines and, subject to the five-year limit specified

in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.

**{¶20}** As set forth above, the total time of all community-control sanctions imposed for a misdemeanor offense may not exceed five years. R.C. §2929.25(A)(2).

**{¶21}** In this instant case, Appellant argues and the State concedes that the trial court erred in extending his probation beyond the statutory five (5) year limit. Appellant was initially placed on probation on July 14, 2009. No evidence was presented that the term of probation was extended for any reason. The five-year limitation was up on July 14, 2014. The State's motion to revoke probation was not filed until August 6, 2014, after the expiration of the five-year maximum period.

**{¶22}** Based on the foregoing, we find that the trial court erred in denying appellant's Motion to Dismiss. The judgment of the Municipal Court of Holmes County, Ohio, is hereby reversed and Appellant's probation is terminated.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 1124